Filed 11/14/23  P. v. Pedroza CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062336 |
| v. | (Super. Ct. No. 08HF1486) |
| CESAR ARIEL PEDROZA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Louis Clapp, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2013, Cesar Ariel Pedroza was convicted of attempted murder, conspiracy, and street terrorism and was ultimately sentenced to an aggregate term of 25 years in state prison.

In 2022, Pedroza filed a petition pursuant to former Penal Code section 1170.95 (now § 1172.6) [1] seeking resentencing on his murder conviction. The trial court denied the petition.

Pedroza filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) Thus, we affirm the order of the trial court.

I

FACTUAL AND PROCEDURAL BACKGROUND

We draw the facts from our prior opinion. "[O]n July 28, 2008, defendant was 17 years old. Defendant, who was a Varrio Little Town gang member, went to a retail store with fellow gang members Salvador Burciaga, Oscar Ramos, and Nestor Lopez. They purchased several items, including a distinctive hat. The presence of all four was recorded on store video.

"After they left, all four got into a car, which, according to a statement later given to police by Ramos, was driven by defendant. They stopped at Burciaga's house. Burciaga went inside and came back out with a shotgun. Thereafter, they went to a location in Costa Mesa.

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Subsequent statutory references are to the Penal Code.

2

"Several people were outside, including 15-year-old Angelic P. A witness reported seeing a man with a sawed-off shotgun running toward him, asking 'where you guys from?' Angelic P. was talking to a friend when she heard people screaming and running, and when she looked behind her there was someone running toward her with a shotgun, his face covered in a hoodie and wearing a hat. She tried to run but she tripped and fell, and then the man, later identified as Burciaga, shot her.

"Angelic P. suffered from numerous injuries, including a permanent collapsed lung and a shotgun pellet lodged in her heart. Numerous other pellets damaged other organs, including her colon, liver and spleen. She was hospitalized for two months, and when she went home she continued to have an open stomach wound. She was scarred from her chest to her pelvis.

"The police found a hat at the scene, which was recovered and traced to the hat purchased at the retail store by defendant and his companions. Approximately a week later, the police stopped a car Burciaga was driving. Defendant was also in the car. A symbol of Varrio Little Town was etched in the hood of the car.

"Defendant was arrested and read his rights. During an interview with police, defendant admitted he was present but claimed he did not participate in the shooting. He said he was in the backseat with Lopez and Burciaga was in the front passenger seat." (*People v. Pedroza* (Nov. 8, 2016, G049089) [nonpub. opn.], fn. omitted.)

In March 2013, Pedroza was convicted of premeditated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a)); street terrorism (§ 186.22, subd. (a)); and conspiracy to commit murder (§ 182, subd. (a)(1)). Numerous enhancements were also found true, including the allegation that a gang member vicariously discharged a firearm, causing great bodily injury (§§ 186.22, subd. (b)(1), 12022.53, subds. (d), (e)(1)). (*People v. Pedroza*, *supra*, G049089.) This court remanded for resentencing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, because Pedroza was 17 years old

at the time the crimes were committed. We affirmed the judgment in all other respects. (*People v. Pedroza*, *supra*, G049089.)

On remand, the court sentenced Pedroza to 25 years in state prison for attempted murder, enhanced by section 12022.53, subdivision (c).[2] The remaining counts were stayed, stricken for sentencing purposes, or sentenced concurrently.

On July 13, 2022, Pedroza filed a petition pursuant to former section 1170.95. His petition stated that he could not be convicted of murder or attempted murder under current law and requested resentencing. The court appointed counsel. The matter was briefed by Pedroza's counsel and the district attorney.

On February 17, 2023, the court denied the petition at the prima facie stage. The court determined that based on "the record of conviction, including the jury instructions and verdicts, shows that the petitioner is ineligible for relief as a matter of law and thus fails to make a prima facie showing for relief. The jury instructions given to the jury properly instructed the jury on attempted murder, aiding and abetting, and conspiracy to commit murder. The jury instructions did not include any instructions on the natural and probable consequences doctrine, felony murder, or any other theory where malice could be imputed. Therefore, in finding the petitioner guilty of attempted murder, the record of conviction shows that the jury necessarily found that the petitioner acted with intent to kill. As such, the petitioner could clearly be convicted of attempted murder under current law."

---

[2] The court sentenced Pedroza under section 12022.53, subdivision (c), as a lesser included of section 12022.53, subdivisions (d), (e)(1), finding it would be an Eighth Amendment violation to do otherwise.

Pedroza filed a timely notice of appeal. After counsel filed a brief stating it found no arguable issues (see *Wende*, *supra*, 25 Cal.3d 436), we issued an order granting Pedroza 30 days to file a supplemental brief. He did not do so.

II

DISCUSSION

When defendant's counsel identifies no arguable issues on appeal, an appellate court independently reviews the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

After independently reviewing the record, this court has found no arguable issues. The trial court properly limited its review to the record of conviction and did not engage in impermissible factfinding at the prima facie stage. (*People v. Lewis* (2021) 11 Cal.5th 952, 971; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980, abrogated on other grounds by *Lewis*, *supra*, 11 Cal.5th at p. 963.) The fact that the jury instructions did not instruct the jury on any theory that would be precluded under current law, such as natural and probable consequences or felony murder, lead to the conclusion that the jury could only have found that Pedroza acted with the intent to kill. Accordingly, he is precluded from relief under section 1172.6 as a matter of law.

5

III

DISPOSITION

The trial court's order denying Pedroza's section 1172.6 petition is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


DELANEY, J.